# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GPI AL-N, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 17-0511-WS-MU |
| NISSAN NORTH AMERICA, INC., | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on the Motion to Intervene by MB Nissan West Mobile, LLC (doc. 30). The Motion has been extensively briefed and is now ripe.[1]

## I. Background.

Plaintiff, GPI AL-N, Inc. d/b/a Nissan of Mobile ("Nissan of Mobile"), commenced this action by filing suit against defendant, Nissan North America, Inc. ("NNA"), on November 6, 2017. According to the Amended and Restated Complaint (doc. 46), Nissan of Mobile and NNA are parties to a Nissan Dealer Sales & Service Agreement, whereby Nissan of Mobile sells Nissan brand vehicles and parts, and provides service for Nissan brand vehicles, in Mobile County, Alabama. This lawsuit arises from NNA's decision in February 2017 to enter into a Nissan Dealer Sales & Service Agreement with another entity (non-party MB Nissan West

---

[1] Also pending is the Motion to Seal (doc. 41) filed by plaintiff, GPI AL-N, Inc. Through this Motion, plaintiff seeks to seal three exhibits filed with its opposition brief to the Motion to Intervene. Contrary to plaintiff's argument, sealing is not required merely because the documents are subject to a protective order. *See, e.g., Arnold v. Bayview Loan Servicing, LLC*, 2016 WL 375154, *2 (S.D. Ala. Jan. 29, 2016) ("Federal courts have long recognized a strong presumption in favor of allowing public access to judicial records. … Litigants may not override that presumption by simply referencing a protective order.") (citations and internal quotation marks omitted). Nonetheless, the Court agrees with plaintiff that the compelling private interests in maintaining the confidentiality of those exhibits outweigh the public's interest in accessing judicial records. Because the Rule 26 good cause balancing test favors sealing the exhibits, plaintiff's Motion to Seal is **granted**, and plaintiff's Exhibits 1, 2 and 3 (found at docket entry 42) are **sealed** pursuant to General L.R. 5.2 for the duration of this litigation.

Mobile, LLC) to operate a Nissan dealership in west Mobile, Alabama, at a location less than ten miles from Nissan of Mobile's dealership. Plaintiff alleges that NNA's conduct violates Alabama's Motor Vehicle Franchise Act, Ala. Code §§ 8-20-1 *et seq.*, because (i) the appointment of an additional Nissan dealer is unreasonable under the circumstances, in violation of Ala. Code § 8-20-4(3)(*l*); (ii) NNA has coerced Nissan of Mobile to adhere to performance standards that are not fair, reasonable or equitable, in violation of Ala. Code § 8-20-4(1)(h); (iii) NNA's actions in appointing a new dealer were arbitrary, unconscionable, unreasonable and/or not in good faith, in violation of Ala. Code § 8-20-4(2); and (iv) NNA's actions breached its duty of good faith and fair dealing owed to Nissan of Mobile, in violation of Ala. Code § 8-20-4.1. Plaintiff also brings claims against NNA for breach of contract, alleging that NNA breached the Dealer Agreement by failing to notify Nissan of Mobile of the results of its market study and final decision, failing to provide Nissan of Mobile an opportunity to object, and failing to utilize reasonable criteria in evaluating Nissan of Mobile's sales performance.

The *ad damnum* clause of the Amended Complaint reflects that Nissan of Mobile seeks considerable equitable relief, including "issuance of a permanent injunction prohibiting NNA from entering into a Dealer Agreement pursuant to the notice issued to Nissan of Mobile," and "issuance of a permanent injunction prohibiting NNA from taking any action based upon its creation of an open point in west Mobile in 2017." (Doc. 46, at 8.) In short, Nissan of Mobile seeks to enjoin NNA from appointing MB Nissan West Mobile, LLC ("Nissan West Mobile") or anyone else to operate a Nissan dealership in west Mobile. Plaintiff further demands "a declaratory judgment that the economic and marketing conditions of the Mobile, Alabama market do not reasonably justify the addition of a second Nissan brand dealership" in that market area. (*Id.*) The natural outcome and plain effect of a ruling granting Nissan of Mobile's requested relief on these issues would be to prevent Nissan West Mobile from being able to enter into a Dealer Agreement with NNA and to operate a Nissan dealership in west Mobile.

Originally, Nissan West Mobile was not a party to these proceedings, despite the potentially debilitating ramifications of plaintiff's claims on that entity. On August 2, 2018, however, Nissan West Mobile filed a Motion to Intervene (doc. 30), requesting leave to intervene in this matter as a defendant both as a matter of right, pursuant to Rule 24(a)(2), Fed.R.Civ.P., and permissively, pursuant to Rule 24(b), Fed.R.Civ.P. Accompanying Nissan West Mobile's Motion is its Proposed Answer and Defenses (doc. 30-1) to plaintiff's original

Complaint (which plaintiff subsequently amended). Defendant, NNA, has filed a memorandum of law in support of the Motion to Intervene. (*See* doc. 39.) Plaintiff, Nissan of Mobile, has filed a memorandum of law in opposition to that Motion. (*See* doc. 40.)

## II. Analysis.

### A. *Intervention as of Right under Rule 24(a)(2).*

"Rule 24 provides two avenues for a nonparty to intervene in a lawsuit; intervention as of right and intervention with permission of the court." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006). To intervene as of right pursuant to Rule 24(a)(2), a person "must show that: (1) [its] application to intervene is timely; (2) [it has] an interest relating to the property or transaction which is the subject of the action; (3) [it is] so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest; and (4) [its] interest is represented inadequately by the existing parties to the suit." *Technology Training Associates, Inc. v. Buccaneers Limited Partnership*, 874 F.3d 692, 695-96 (11th Cir. 2017) (citation omitted). Plaintiff's position is that Nissan West Mobile cannot intervene as of right because the Motion is untimely, it lacks any interest in the subject matter of the suit, and the existing parties can adequately protect whatever interest Nissan West Mobile might have. The Court considers each of these arguments in turn.

First, the parties dispute whether Nissan West Mobile's Motion to Intervene is timely. "In determining whether a motion to intervene was timely, we consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citation omitted). In applying these factors, courts must bear in mind that "[t]he requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Id.* (citations omitted).

Upon careful consideration of the court file and the parties' respective arguments, the Court readily concludes that the Motion is timely. It was filed more than two weeks prior to the

August 17, 2018 deadline fixed by the Scheduling Order for amending pleadings or adding parties. (*See* doc. 26.) It was filed four months prior to the discovery cutoff date, and nine months before the trial setting. (*See* doc. 17.) Although some discovery has taken place, the parties have apparently taken just three depositions to date. (Doc. 39, at 4.) There appears to be substantial discovery left to be done, and adequate time in which to complete it in accordance with existing Scheduling Order deadlines. To be sure, Nissan West Mobile did not move for intervention as expeditiously as it could have, but Rule 24(a)(2) does not impose such a stringent obligation on a would-be intervenor. Contrary to plaintiff's objections, it does not appear that either delay to this litigation or prejudice to Nissan of Mobile would result if the Motion were granted.[2] The timeliness of the Motion to Intervene is underscored by the fact that plaintiff successfully moved to amend the Complaint to add five new causes of action against NNA (as contrasted with the one claim asserted in the original Complaint) on August 17, 2018, more than two weeks after the Motion to Intervene was filed. (*See* docs. 44, 46.) If plaintiff was not too late in multiplying the legal claims at issue by six (with concomitant expected effects on discovery), then it is hard to see how Nissan West Mobile was too late in moving to intervene in

---

[2] Plaintiff argues that allowing Nissan West Mobile to intervene now would "impose a significant delay" and that it "is not a reasonable expectation" to think that existing Scheduling Orders could remain intact. (Doc. 40, ¶¶ 25, 28.) Plaintiff also alludes to its belief that a "vast amount of work on discovery … would necessarily have to be repeated as a result of the intervention." (*Id.*, ¶ 27.) But plaintiff does not explain why it believes such a parade of horribles will come to pass. Nissan West Mobile represents to this Court that it "is willing and able to comply with the currently scheduled discovery deadline," disclaims any intent to re-litigate discovery issues that have already been decided, and indicates that further discovery requests from plaintiff may be unnecessary because Nissan of Mobile "has already obtained hundreds of documents from [Nissan West Mobile] through a Rule 45 subpoena." (Doc. 51, at 5.) It is simply not apparent that any delay – much less a considerable delay – to these proceedings would result from allowing Nissan West Mobile to intervene at this time. Indeed, as Nissan West Mobile itself recognizes, the proposed intervenor is highly motivated to keep this litigation moving swiftly toward final disposition so that it may operate its dealership if plaintiff's claims fail. (Doc. 51, at 6 n.2 ("MB has every reason to expedite the litigation as any delay will only result in more time MB will be unable to operate its dealership.").) These conclusions are reinforced by the fact that Nissan of Mobile and NNA have jointly requested that the discovery completion date be extended from December 3, 2018 to January 31, 2019. (*See* doc. 52.) It is difficult to imagine how allowing Nissan West Mobile to intervene would jeopardize the viability of a discovery completion date that may be extended to nearly five months away (if Judge Murray were to grant the consent motion, which is pending before him).

this matter. The interests of justice do not favor denying Nissan West Mobile leave to intervene on timeliness grounds.

Next, the parties spar over whether Nissan West Mobile has an interest relating to the property or transaction which is the subject of the action, as required for intervention as of right under Rule 24(a)(2). Once again, the proposed intervenor has the better argument. To establish the sufficiency of its interest under Rule 24(a)(2), Nissan West Mobile "must demonstrate an interest relating to the property or transaction which is the subject of the action." *Bayshore*, 471 F.3d at 1246 (internal quotation marks and emphasis omitted). This "flexible" test examines whether the proposed intervenor is asserting an interest that is "direct, substantial, and legally protectable," such that the intervenor is "at least a real party in interest in the transaction which is the subject of the proceeding." *Huff v. Commissioner of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (citations and internal marks omitted). Under any reasonable construction, Nissan West Mobile has a direct, substantial and legally protectable interest in the transaction at issue in this litigation. Recall that Nissan of Mobile seeks, *inter alia*, a permanent injunction barring NNA from entering into a Dealer Agreement with Nissan West Mobile to open a Nissan dealership in west Mobile. NNA and Nissan West Mobile have entered into a contract for Nissan West Mobile to operate the very dealership whose existence Nissan of Mobile seeks to stamp out; thus, plaintiff is pursuing an injunction that, if granted, would wipe out Nissan West Mobile's contractual interest in that west Mobile dealership. This is not a speculative, indirect or ancillary connection; rather, Nissan West Mobile's rights and interests are directly implicated by Nissan of Mobile's Amended Complaint. These facts and circumstances plainly satisfy the protectable interest requirement of Rule 24(a)(2), and support a conclusion that in the interests of efficiency, fairness and due process, Nissan West Mobile should have an opportunity to appear and defend against Nissan of Mobile's claims asserted herein.[3]

---

[3] *See generally WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 996 (10th Cir. 2009) ("The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest."); *In re Estate of Ferdinand E. Marcos Human Rights Litigation*, 536 F.3d 980, 984 (9th Cir. 2008) ("The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant.") (citation omitted); *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 545 (1st Cir. 2006) ("An intervenor has a sufficient interest in the subject of the litigation where the intervenor's contractual rights may be affected by a proposed remedy."). In arguing otherwise, plaintiff focuses on what it (Continued)

Finally, the parties disagree as to whether Nissan West Mobile satisfies the requirement that its interest is represented inadequately by the existing parties. In particular, plaintiff seizes on Nissan West Mobile's admission that "NNA and Proposed Intervenor have the same goal, to open the Proposed Dealership." (Doc. 31, at 8.) Under Circuit precedent, this acknowledgement gives rise to a weak presumption that NNA's representation is adequate to protect Nissan West Mobile's interests. *See, e.g., Technology Training*, 874 F.3d at 697 ("The intervenors and the existing plaintiffs are pursuing the same general objective … so we presume that the plaintiffs' representation is adequate. … But the presumption is weak; in effect, it merely imposes upon the proposed interven[o]rs the burden of coming forward with some evidence to the contrary.") (citations and internal quotation marks omitted). The proposed intervenor's burden on this factor has been described as "minimal," and Nissan West Mobile need only show that NNA's

---

characterizes as the absence of viable claims under the Motor Vehicle Franchise Act between Nissan of Mobile and Nissan West Mobile. (Doc. 40, ¶¶ 43-61.) But the law does not require an intervenor as of right to have a direct legal claim or to be the subject of a direct legal claim. *See, e.g., Jones v. Prince George's County, Maryland*, 348 F.3d 1014, 1017-18 (D.C. Cir. 2003) ("We believe that the parties are looking at this question through the wrong analytical lens. In a motion to intervene under Rule 24(a)(2), the question is not whether the applicable law assigns the prospective intervenor a cause of action. … As the Rule's plain text indicates, intervenors of right need only [have] an 'interest' in the litigation – not a 'cause of action' or 'permission to sue.'"); *WildEarth Guardians v. National Park Service*, 604 F.3d 1192, 1198 (10th Cir. 2010) ("The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."); *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("An applicant seeking to intervene need not show that the interest he asserts is one that is protected by statute under which litigation is brought.") (citation and internal quotation marks omitted); *Georgia*, 302 F.3d at 1252 (proposed intervenor's interests "need not, however, be of a legal nature identical to that of the claims asserted in the main action") (citation omitted); *United States v. Palermino*, 238 F.R.D. 118, 121 (D. Conn. 2006) ("A party seeking to intervene, however, need not have an independent cause of action to be considered to have an interest within the scope of Rule 24(a)."). The key to the Rule 24(a)(2) inquiry is not whether the intervenor has a legal claim (or whether the plaintiff has a legal claim against that intervenor) identical to the claims asserted between the existing parties, but is whether the "absentee would be substantially affected in a practical sense by the determination made in an action." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (citation omitted); *see also Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) ("the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process") (citation omitted). The Court readily answers this question in the affirmative.

representation "may be" inadequate.[4] The Court finds that the proposed intervenor has made the requisite "minimal" showing of potential inadequacy. Because NNA is a manufacturer with hundreds of franchised dealerships nationwide, its knowledge of and ability to advocate concerning the proposed west Mobile dealership may be inferior to that of Nissan West Mobile, such that Nissan West Mobile cannot count on NNA to make arguments that Nissan West Mobile deems most important, particularly as to the statutory consideration "[w]hether it is beneficial or injurious to the public welfare for an additional franchise to be established." Ala. Code. § 8-20-4(3)(*l*). Moreover, it is not difficult to envision a scenario in which NNA's and Nissan West Mobile's interests diverge in the defense strategy of this litigation; after all, NNA's responsibility is to its myriad dealerships nationwide, whereas Nissan West Mobile appears solely concerned with its contractual rights and ability to operate a single Nissan dealership in west Mobile. Under the circumstances, the Court is satisfied that Nissan West Mobile has satisfied its "minimal" burden of showing that NNA "may be" inadequate to represent its interests herein.[5]

For all of the foregoing reasons, the Court concludes that the Motion to Intervene is due to be granted and that Nissan West Mobile is entitled to intervene in these proceedings as a party defendant pursuant to Rule 24(a)(2), Fed.R.Civ.P.

---

[4] *See Georgia*, 302 F.3d at 1255 ("The proposed intervenor has the burden of showing that the existing parties cannot adequately represent its interest, but this burden is treated as minimal.") (citations and internal quotation marks omitted); *see also Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (putative intervenor "need only show that the current [defendant's] representation may be inadequate, however, and the burden for making such a showing is minimal").

[5] In arguing otherwise, Nissan of Mobile posits that "[t]o permit [Nissan West Mobile] to intervene would reveal highly confidential business information of one of its competitors, and cause great harm to Nissan of Mobile's business." (Doc. 40, ¶ 88.) In the first place, plaintiff's argument of prejudice (unrelated to any alleged untimeliness by the proposed intervenor) is simply not a relevant consideration in the Rule 24(a)(2) analysis. *See Loyd v. Alabama Dep't of Corrections*, 176 F.3d 1336, 1341 n.8 (11th Cir. 1999) ("When considering intervention of right, prejudice to existing parties – other than that caused by the would-be intervenor's failure to act promptly – is not a factor to be considered.") (citation omitted); *Clark v. Putnam County*, 168 F.3d 458, 462 (11th Cir. 1999) ("Rule 24(a)(2) does not take into account the convenience of the existing parties."). In the second place, the Court is confident that appropriate measures may be taken to balance the parties' respective interests as to any confidential discovery materials, so as to mitigate or eliminate any such risk of prejudice here.

### B. *Permissive Intervention under Rule 24(b).*

Alternatively, the Court agrees with Nissan West Mobile and NNA that permissive intervention would be appropriate in these circumstances. Rule 24(b) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1)(B), Fed.R.Civ.P. The decision of whether to allow permissive intervention is discretionary with the district court, even where common questions of law or fact exist. *See, e.g.*, *Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) ("If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention."). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3), Fed.R.Civ.P.

The Court has already determined that the Motion to Intervene was timely in the context of the Rule 24(a)(2) analysis; therefore, that issue need not be re-examined here. As for "common questions of law or fact," they are surely present here. Nissan of Mobile contends that NNA's plan to appoint a new dealer for west Mobile violates the Motor Vehicle Franchise Act. Nissan West Mobile contends that it does not. The overlapping legal and factual issues are readily apparent.[6] Thus, Nissan West Mobile is eligible for permissive intervention in this case, subject to Rule 24(b)(3)'s requirement that the court consider whether intervention will unduly delay or prejudice the original parties' rights. There is no undue delay, for the reasons already stated. As for prejudice, Nissan of Mobile protests that allowing intervention "would divest this

---

[6] In arguing otherwise, plaintiff insists that Nissan West Mobile "has no claim or defense to this statutory action" because "[t]he Alabama legislature specifically left the proposed new dealer on the outside looking in." (Doc. 40, ¶ 95.) This argument proceeds from the incorrect premise – as discussed *supra* – that an intervenor must have the same legal claims as the existing parties in order to be allowed to intervene. Nissan West Mobile contends that no statutory violation has taken place and that NNA's decision to appoint a new dealer in west Mobile is valid and proper. By contrast, Nissan of Mobile contends that this decision violates the statute, such that NNA should be enjoined from establishing the west Mobile dealership that Nissan West Mobile would operate. These common legal and factual issues are more than enough to support permissive intervention, notwithstanding the fact that Nissan of Mobile is not asserting direct claims or causes of action against Nissan West Mobile.

Court of jurisdiction" because Nissan of Mobile and Nissan West Mobile are non-diverse. (Doc. 40, ¶¶ 99, 120-21.) The Court disagrees. In its Amended and Restated Complaint filed on August 21, 2018, Nissan of Mobile represented that it is incorporated in Delaware and that it is "principally engaged in … business" in Mobile County, Alabama. (Doc. 46, ¶ 1.) Thus, by its own representations in the pleadings, plaintiff is a citizen of Delaware and Alabama for diversity purposes.[7] Even assuming that plaintiff is correct that Nissan West Mobile is a citizen of Louisiana and Texas for diversity purposes, complete diversity would remain intact and § 1332 jurisdiction would remain proper. Upon careful consideration of all of plaintiff's arguments of prejudice, the Court exercises its discretion to allow Nissan West Mobile to intervene permissively pursuant to Rule 24(b), Fed.R.Civ.P.

### III. Conclusion.

For all of the foregoing reasons, the Motion to Intervene (doc. 30) is **granted** pursuant to Rules 24(a)(2) and 24(b), Fed.R.Civ.P.[8] MB Nissan West Mobile, LLC is granted leave to

---

[7] The jurisdictional statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff's state of incorporation is Delaware, and its principal place of business is in Alabama. In briefing the Motion to Intervene, plaintiff suggests that it is a citizen of Texas because its principal office is in Houston, Texas; however, it provides no factual discussion, no legal analysis and no explanation of how this bare allegation about having an office in Texas squares with its representations in the pleading it filed in this District Court on August 21, 2018, or otherwise supports a finding that it is a Texas citizen for jurisdictional purposes. And plaintiff appears never to have invoked or even mentioned any purported jurisdictional nexus to Texas at any time in the litigation until now, further casting doubt on the legitimacy of such a claim. Thus, plaintiff has made an inadequate showing that it would be prejudiced if Nissan West Mobile were allowed to intervene because such intervention would destroy federal jurisdiction.

[8] In so concluding, the Court is cognizant of the Eleventh Circuit's directive that "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471, 1478 (11th Cir. 1993) (citation omitted). The Court has also considered plaintiff's argument in its Supplement that the Motion to Intervene should be denied in its entirety because Nissan West Mobile "has no interest, claim or defense arising from any of these new claims" pleaded in plaintiff's Amended and Restated Complaint filed on August 21, 2018. (Doc. 47-1, at 3.) This argument is unpersuasive for two distinct reasons. First, plaintiff has pleaded a single *ad damnum* clause for all six counts of the Amended Complaint. The clear inference from that format is that plaintiff seeks all forms of requested relief (including "a permanent injunction prohibiting NNA from entering into a Dealer (Continued)

intervene in this action. The Clerk of Court is **directed** to add MB Nissan West Mobile, LLC as a party defendant. MB Nissan West Mobile is **ordered** to file its answer and defenses to the Amended and Restated Complaint on or before **September 24, 2018**. Additionally, plaintiff's Motion to Seal (doc. 41) is **granted**, and plaintiff's Exhibits 1, 2 and 3 (found at docket entry 42) are **sealed** pursuant to General L.R. 5.2 for the duration of this litigation.

DONE and ORDERED this 10th day of September, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

Agreement" with Nissan West Mobile) for all six causes of action, such that Nissan West Mobile would indeed have an interest in all of these claims. Second, even if plaintiff were correct that Nissan West Mobile lacks any protectable interest in the newly raised claims, that fact would not justify denial of the Motion to Intervene as to the original claim under the Motor Vehicle Franchise Act, as to which Nissan West Mobile's protectable interest has been clearly established.