# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GPI AL-N, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 17-0511-WS-MU |
| ) | |
| NISSAN NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Stay Response Deadline to Plaintiff's Motion to Exclude Expert Testimony (doc. 102). The Motion to Stay has been the subject of more than 30 pages of briefing by the parties and is now ripe.

On March 25, 2019, plaintiff, GPI AL-N, Inc. ("Nissan of Mobile"), filed a Motion to Exclude Expert Testimony of Sharif Farhat (doc. 96), with accompanying memorandum of law. Plaintiff's position is that "Farhat's opinions in this case do not meet the standards for admissibility of expert testimony under the Federal Rules of Evidence, or controlling case law. The opinions lack reliability, and his analysis is based on biased and unreasonable comparisons, in violation of Alabama's Motor Vehicle Franchise Act." (Doc. 98, at 30.) The Court entered an Order (doc. 100) allowing defendant, Nissan North America, Inc. ("NNA"), until April 8, 2019 to file a response.

Prior to the response deadline, NNA filed a Motion to Stay, requesting that briefing on Nissan of Mobile's Motion be stayed as premature for several months. Defendant reasons that discovery (including further expert discovery, updated reports and depositions) remains ongoing in this case, that the pretrial conference is not set until October 9, 2019, and that the trial is not set until the November 2019 civil term. In addition to emphasizing the incomplete nature of expert discovery, reports and opinions, NNA points out that it has not yet relied on any specific opinions of Farhat, such that it cannot now be ascertained precisely which opinions and

testimony are at issue and which are not. On that basis, NNA proposes that briefing on the Motion to Exclude be stayed until at least July 29, 2019.

In response, Nissan of Mobile offers a series of arguments why it believes the Motion to Stay should be denied and the Motion to Exclude should be briefed and taken under submission now. First, plaintiff argues that its position on the merits of the Motion to Exclude is correct and that if the Court agrees, then (i) additional discovery and expert discovery could be avoided, (ii) multiple counts of the Complaint could be resolved expeditiously, and (iii) settlement of the remaining counts could be facilitated. Second, plaintiff maintains that the timing of its Motion to Exclude was necessary to comport with the applicable Scheduling Order. Third, plaintiff suggests that defendant seeks additional time "to devise some revised methodology that is not subject to the objections raised" in the Motion to Exclude, which would be prejudicial to plaintiff. Fourth, plaintiff contends that because its challenge goes to the core of Farhat's methodology, no additional discovery is necessary to resolve the Motion to Exclude.

After careful review of the parties' extensive briefs, the Court finds that the Motion to Stay is due to be granted. Several considerations inform this result. As a preliminary matter, Nissan of Mobile's suggestion that it was bound by the Scheduling Order to file its Motion to Exclude last month is mistaken. To be sure, the original Rule 16(b) Scheduling Order stated, "All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than March 26, 2019." (Doc. 17, ¶ 6.) That March 26 setting was two weeks prior to the original Final Pretrial Conference setting of April 9, 2019, which in turn was consistent with the undersigned's Standing Order Governing Final Pretrial Conference, which provides in bold type as follows: "All challenges to expert witnesses, including *Daubert* motions, must be filed not later than two weeks prior to the Final Pretrial Conference." (Doc. 17-1, ¶ 4.F.) But the Final Pretrial Conference was subsequently continued, initially to July 2019 and then to October 2019. (*See* docs. 57, 93.) Although the orders amending the Scheduling Order did not expressly move the deadline for filing *Daubert* motions, their effect was to do precisely that. Nissan of Mobile's deadline for filing its Motion to Exclude was not March 26, 2019, but was instead considerably later.

Next, the Court agrees with NNA that the interests of fairness and equity support allowing its expert, Farhat, to prepare and submit additional expert analysis in rebuttal to that of Nissan of Mobile's expert, Roesner, <u>before</u> passing on plaintiff's request that Farhat's opinions

be excluded in their entirety. As a general matter, one should at least allow an expert to formulate and articulate his opinions before ruling on whether that expert's testimony should be stricken from trial altogether. Moreover, from a fairness standpoint, plaintiff's expert (Roesner) is preparing a new expert report that will revise and supplement his original opinions, based on data provided by defendant in late February 2019. Defendant's expert (Farhat) should be afforded a reasonable opportunity to revise and submit his opinions in rebuttal to those offered by Roesner. Once a full set of expert opinions have been disclosed on the record and explored via the discovery process, it will be appropriate to consider Nissan of Mobile's arguments for exclusion. To do so now would require the Court to make admissibility decisions based on incomplete information and assumptions about methodology that may or may not apply to the forthcoming revised and supplemental rebuttal opinions offered by Farhat.[1]

As noted, Nissan of Mobile has balked that it will be prejudiced if disposition of the Motion to Exclude is delayed for several months to allow the expert discovery process to conclude. However, plaintiff itself produces a March 6, 2019 e-mail from its counsel to defendant's counsel, wherein Nissan of Mobile suggested that the deadline for all *Daubert* motions be extended to July 12, 2019. (Doc. 105, Exh. C.) Presumably, plaintiff was asking on its own behalf, not just to benefit defendant. If Nissan of Mobile believed in March 2019 that it would be beneficial to extend the deadline for filing motions to exclude (including a motion directed at Farhat) until July 2019, then it is difficult to reconcile that position with its current contention that it will be prejudiced unless its Motion to Exclude is litigated and adjudicated now. To be sure, the Court understands that the pendency of unresolved admissibility issues concerning Farhat's opinions may impact summary judgment briefing. For that reason, the Court expects the parties' summary judgment briefs not to rehash admissibility issues as to Farhat's proffered opinions; rather, discussion of those issues must be reserved for briefing on

---

[1] In addressing this argument, plaintiff suggests that the Motion to Stay is a mere "delay tactic" and that defendant's true motivation is "to attempt to reform Farhat's methodology." (Doc. 105, at 17.) Defendant expressly disavows any such intention. (*See* doc. 107, at 5.) If plaintiff believes that Farhat's revised rebuttal opinions deviate materially from his previous opinions as a stratagem for defeating the Motion to Exclude, then it may certainly advance such an argument when briefing resumes.

the *Daubert* motion and incorporated into summary judgment memoranda by reference, as appropriate.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant's Motion to Stay Response Deadline (doc. 102) is **granted in part**, and **denied in part**;
2. Plaintiff may file a supplement (no longer than 10 pages) to its Motion to Exclude Expert Testimony of Sharif Farhat (doc. 96) on or before **June 28, 2019**, identifying any new or additional arguments it wishes to make based on Farhat's revised, supplemental rebuttal opinions that may be offered in the interim;
3. Defendant's response to the Motion to Exclude (as supplemented) must be filed no later than **July 12, 2019**, with any reply by plaintiff due on or before **July 19, 2019**, at which time the Motion to Exclude will be taken under submission; and
4. For purposes of anticipated summary judgment briefing, the parties must not rehash arguments as to the admissibility *vel non* of Farhat's opinions, but should instead incorporate by reference briefs and specific arguments from the Motion to Exclude as appropriate.

DONE and ORDERED this 18th day of April, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE